D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HECTOR MORALES,

                         Petitioner,                      **MEMORANDUM & ORDER**

                                                                     16-CV-3401 (NGG)
      -against-                                     07-CR-192-3 (NGG)

UNITED STATES OF AMERICA,


                        Respondent.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Hector Morales brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (the "Petition"). (See Mot. to Correct Sentence ("Pet.") (Dkt. 122) at 14.) Petitioner requests a recalculation of his base offense level under the United States Sentencing Guidelines ("U.S.S.G.") in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). For the following reasons, the Petition is DENIED.

## I. BACKGROUND

### A. Procedural History

In March 2007, Petitioner was indicted, along with three other defendants, for acts related to unlicensed dealing in firearms. (See Indictment (Dkt. 20) at 1.) Although Petitioner was serving a seven-year sentence in New York State prison at the time of the indictment, the conduct giving rise to his state sentence occurred after the commission of the instant offense. (See Sent'g Tr. ("Tr.") (undocketed) at 7-8; Pet. Sent'g Mem. ("Mem.") (Dkt. 53) at 1-2.) Petitioner was indicted on Counts One (conspiracy to deal in firearms), Two (illegal dealing in firearms), Five (felon in possession of a firearm), and Six (felon in possession of firearm).

1

(Indictment at 1, 3-5.) He was represented by a court-appointed attorney. (See Criminal Justice Act Form 20 (Dkt. 21) at 1.) As part of a plea deal, the Government dismissed Counts One, Two, and Six, and Petitioner pleaded guilty to Count Five, a violation of 18 U.S.C. § 922(g)(1). (See Judgment (Dkt. 56) at 1; Indictment at 4-5.)

On February 29, 2008, the initial Pre-Sentence Report (the "PSR") calculated a base offense level of 26 under U.S.S.G. § 2K2.1. (PSR (undocketed) at 7; see also Tr. at 3.) Section 2K2.1 provides for a base level of 26 if, inter alia, "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(1)(B). The PSR determined that Petitioner fell within this provision based on two prior state felony convictions: one for a controlled substance offense (the "First Felony"), and one for a crime of violence, second-degree burglary (the "Second Felony"). (PSR at 7.)

However, on March 31, 2008, an addendum to the PSR recalculated Petitioner's base offense level, reducing it from 26 to 22. (PSR Addendum ("Addendum") (undocketed) at 1; see also Tr. at 4.) As mentioned above, Petitioner was serving a seven-year sentence at the time of the indictment. That sentence was for the Second Felony, second-degree burglary under N.Y. Penal Law § 140.25. (See PSR at 10.) Because the conduct underlying the Second Felony occurred after the commission of the instant offense (see Tr. at 8:24-9:2), Petitioner did not fall within the scope of U.S.S.G. § 2K2.1(a)(1). Instead, as he had only one prior qualifying felony (the First Felony), Petitioner's proper base offense level was 22, under U.S.S.G. § 2K2.1(a)(3).[1] (See Addendum at 1.)

---

[1] Subsections (a)(1) and (a)(3) are identical, except that (a)(3) requires only one prior felony conviction for either a controlled-substance offense or a crime of violence. Compare U.S.S.G. § 2K2.1(a)(1), with id. § 2K2.1(a)(3).

At the sentencing hearing on June 27, 2008, the court took note of both the PSR and the Addendum, and verbally confirmed that Petitioner understood both documents and had discussed them with his attorney. (See Tr. at 3:3-21.) The court then recited the Addendum's recalculation of Petitioner's base offense level (id. at 4:20-21), and sentenced Petitioner to 96 months (id. at 18:9-14). The court also reminded Petitioner that, according to the terms of his plea agreement, Petitioner waived the right "to appeal or otherwise challenge the sentence . . . if it is 150 months or less." (Id. at 18:24-19:1.) Petitioner's sentence is substantially below 150 months. (See id. at 19:1-3.)

## B. The Instant Petition

On June 22, 2016, Petitioner timely filed the instant Petition requesting correction of his sentence pursuant to 28 U.S.C. § 2255.[2] (See Pet. at 14.) Petitioner asserts that the court improperly calculated his sentence because his base offense level was increased "to 26 pursuant to U.S.S.G. § 2K2.1(a) after finding that he committed the instant offense subsequent to sustaining two felon[y] convictions." (Id. at 5.) Specifically, Petitioner disputes the classification of the Second Felony as a "crime of violence" under § 2K2.1(a)(1), as defined by U.S.S.G. § 4B1.2(a). (See id.) See also U.S.S.G. § 2K2.1, App. Note 1 (Definitions). Because, Petitioner asserts, the Second Felony could only be a crime of violence under § 4B1.2(a)(2)'s "residual clause," and that clause is nearly identical to the one held unconstitutional in Johnson, Petitioner was improperly sentenced. (See Pet. at 5.)

The Government filed a letter response to the Petition on April 30, 2019. (Letter in Opp'n to Mot. ("Letter") (Dkt. 154) at 1.) The Government asserts that Petitioner's appeal is

---

[2] The Petition was prepared by an attorney who no longer represents Petitioner. (See Pet. at 14; Letter in Opp'n to Mot. (Dkt. 154) at 4.)

3

barred by the plea agreement. (Id. at 1-2.) The Letter further contends that Petitioner's argument is meritless because Petitioner was never subject to a sentence enhancement for a "crime of violence" within the scope of the residual clause. (Id. at 2-3.) Petitioner did not file a reply.

## II. DISCUSSION

### A. Waiver of Appeal

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). Generally, an appellate waiver is unenforceable only in limited circumstances, "such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." Id. (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)). "[C]ollateral attack waivers in this context remain enforceable, and [ ] a change in the law does not supply a basis for failing to enforce" such waivers. Collier v. United States, No. 10-CR-820 (NGG), 2019 WL 296767, at *5 (E.D.N.Y. Jan. 22, 2019) (enforcing collateral waiver to bar Johnson claim for firearms-related charge) (citing Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016)).

Here, Petitioner's plea agreement provided that he may not "appeal or otherwise challenge" a sentence of less than 150 months. (Tr. at 18:24-19:3.) He received 96 months. (Id. at 18:9-14.) Petitioner has not proffered any evidence indicating that this waiver is unenforceable: he did not address the waiver issue in his Petition (see generally Pet.), and has not filed a reply to the Government's Letter. He has not alleged that the waiver is void under any of the grounds articulated in Gomez-Perez, or that his sentence is "fundamentally unfair." See

4

Gomez-Perez, 215 F.3d at 320. Therefore, this case is among the "bulk of cases where waivers are presumptively enforceable." See Gomez-Perez, 215 F.3d at 320; see also United States v. Lewis, 717 F. App'x 21, 24 (2d Cir. 2017) ("[W]e presume a waiver of the right to appeal to be valid and enforceable.") (citing Gomez-Perez, 215 F.3d at 320).

### B. Johnson Claim

Even if Petitioner had not waived his right to bring this collateral attack, his claim fails on the merits. He argues that a crime-of-violence enhancement extended his sentence under U.S.S.G. § 2K2.1(a)(1), and that such enhancement is unconstitutional in light of Johnson. (Pet. at 5.) Section 2K2.1 employs the definition of "crime of violence" set forth in U.S.S.G. § 4B1.2(a). In relevant part, a crime of violence is one that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"], or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"].

Id. § 4B1.2(a);[3] see id. § 2K2.1, App. Note 1. The second half of the residual clause, beginning with the words "or otherwise," is identical to the language held void for vagueness in Johnson. Compare id. § 4B1.2(a)(2), with Johnson, 135 S. Ct. at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)). The Petition thus turns on the language of the residual clause and, therefore, on the existence of a crime of violence enhancement in Petitioner's original sentence. But there was no such enhancement.

While Petitioner claims he was sentenced under U.S.S.G. § 2K2.1(a)(1) based on two prior felony convictions (Pet. at 5; see Letter at 2), the court in fact sentenced him under

---

[3] This reflects the language of the Guidelines in effect at the time of sentencing.

§ 2K2.1(a)(3) based on one prior felony conviction (the First Felony, a controlled substance offense). (Addendum at 1; see Tr. at 4:17-21.) Petitioner does not contest the applicability of the First Felony to the language of subsection (a)(3). See U.S.S.G. § 2K2.1(a)(3)(B) (requiring "one [prior] felony conviction of either a crime of violence or a controlled substance offense") (emphasis added). Where all of the requirements of § 2K2.1(a)(3) are met, there is no need to refer to the definition of "crime of violence" that Petitioner challenges.

## III. CONCLUSION

For the foregoing reasons, the Petition is DENIED. The terms of the plea agreement preclude any collateral attack on Petitioner's sentence, and in any case, the Petition is meritless. Because Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c).

The Clerk of Court is respectfully DIRECTED to mail a copy of this order by certified mail, return receipt requested, and by regular mail with proof of mailing, to pro se Petitioner Hector Morales at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
August __, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge